White, J.
The determination of this case depends upon whether Oeliler street, for the improvement of which the *245 assessment is sought to be enforced, was a public street which the city council was authorized to improve.
The authority of the city to make the improvement is denied by the plaintiff in erroi\ on two grounds :
1. That there was no sufficient dedication of the street to public use.
2. That if the dedication was otherwise sufficient, there was no acceptance by the city, as required by sec. 63 of the municipal corporation act. 2 S. & C. stat. 1514.
In this State a dedication of ground may be made to public use, either in the mode prescribed by statute, or according to the rules of the common law. In the former case the dedication is effected, under the operation of the statute, by way of grant; in the latter case, as was said in Fulton v. Mehrenfeld (8 Ohio St. 440), it generally operates by way of estoppel.
The dedication in this case was not made in conformity to the statute, and the question, therefore, is whether, in the absence of statutory prohibition, it would constitute a good dedication at common law.
The parcel of lands of which the lot of the plaintiff in error formed a part at the time of tne partition, consisted of a tract fronting two hundred feet on Freeman street, and extending westwardly between parallel lines seven hundred and sixty feet. The commissioners, in making pai'tition of this tract, laid out the street in question through the entire length, and the ground abutting on each side of the street so laid out they subdivided into lots. In their report, which was confirmed by the court, they declare that they “ dedicate and set apart for the public use forever hereafter, the streets, yoads, and alleys as laid down and designated on said plat, and for no other use whatever.”
The parties took possession of their respective allotments, under the partition thus made, and the plaintiff in error derives his title under these proceedings.
It is clear that the parties to the partition and their privies as between themselves, while the partition subsisted, would *246 be estopped from questioning the existence of the street; and, after they had allowed the city to take possession of and improve it, the estoppel, in our opinion, would become equally effective between them and the city.
The second question is, whether the improvement and control of the street assumed by the city was prohibited by section 63 of the municipal corporation act above referred to.
By section 26, of that act, general power is conferred on the city to layoff, open, extend, and establish, and to improve and keep in order and repair streets; and, to defray the expenses, it is authorized to assess and collect a charge on the abutting lots. In the execution of the power to provide streets, the city is authorized, when deemed necessary, to condemn private property; and under the general power thus given, it might, with the consent of the owner, take possession of and so use the property without condemnation. But it is claimed a limitation upon this power of the city is found in section 63. That section is as follows:
“ The city council shall have the care, supervision, and control of all public highways, bridges, streets, alleys, ¡mblic squares and commons within the city, and shall cause the same to be kept open, and in repair, and free from nuisances. No street or alley, which shall hereafter be dedicated to public use by the proprietor of ground in any city, shall be deemed a public street or alley, or to be under the care or control of the city council, unless the dedication shall be accepted and confirmed by an ordinance specially passed for the purpose.”
To understand the object intended by the adoption of this section, it is necessary to notice the statute in force at the time, prescribing the mode to be observed in laying out lots in cities and in dedicating grounds for streets and other public uses. The act then in force was that of March 3, 1831. (2 S. & C. Stat. 1482.)
By the 6th section it was provided, that the recorded plat made and acknowledged by the proprietor in conformity vith the act, should be a sufficient conveyance to vest the *247 fee of the lands therein set forth aud described for streets, alleys, ways, commons, or other public uses, in the city, or town corporate, to be held in trust for the uses and purposes so set forth.
By this statute, proprietors laying out ground, within the limits of the corporation, into lots, were authorized to vest in the corporation, without its consent, the title to such streets and alleys as they chose to lay out, and thus charge the corporate authorities with the duty of keeping them open and in repair.
The object of section 63 was to prevent this charge from being imposed on the corporation without its unequivocal consent, which the section, to avoid all uncertainty as to the fact, requires to be manifested by an ordinance specially pa desosftrh e purpose.
The section was not intended as a limitation upon the general power of the corporation in regard to opening and improving streets, but as a restriction of the power possessed by others of imposing burdens and responsibilities on the corporation.
In this case, the ordinance passed by the city council recognized the street by name, and ordered its improvment as a public way. The passage of the ordinance and the making of the improvement was necessarily an acceptance or adoption of the street by the city ; and the right of the city to its care, supervision, and control is not impaired by the section referred to.
In regard to the written admission introduced in evidence by the defendant, it may be remarked that it is to be read and understood in connection with, and in the light of, the other admitted facts of the- case. The statement as to the non-acceptance by the city of the dedication, can only mean that the dedication had not been accepted by “ an ordinance specially passed for such purpose” in the form required by section 63; and that it had not otherwise been accepted than as shown by the ordinances and action of the city council then before the court, and which were undisputed. And it *248 is proper to say that the counsel of the plaintiff in error, in argument, claim for the admission no broader meaning.

Judgment affirmed.

Beinkeehoee, C.J., and Scott, Welch, and Day, JJ., concurred.